831 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene HARDIN, Sr., Eugene Hardin, Jr., Defendants-Appellants.
 Nos. 87-5109, 87-5110.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1987.
 
 Before ENGEL, MERRITT and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants-appellants, Eugene Hardin, Sr. and Eugene Hardin, Jr., who were jointly tried for conspiracy to manufacture and to distribute methaqualone, appeal the denial of their motions to vacate sentences pursuant to 28 U.S.C. Sec. 2255. Hardin, Jr. bases his motion on ineffective assistance of trial counsel and the discovery of new evidence requiring retrial. Hardin, Sr. bases his motion on the same grounds, and, in addition, claims denial of choice of counsel. We affirm.
 
 
 2
 Each appellant had the assistance of appointed counsel at trial. Hardin Sr.'s original counsel withdrew from the case claiming a conflict of interest, and Paul Vissmann was appointed in his place. Before trial, Hardin, Sr. failed to fully cooperate with Mr. Vissmann. According to Hardin, Sr. this was because Hardin believed that Frank Mascagni, Hardin, Sr.'s attorney on related state charges, would be representing him at the federal trial. On the day prior to trial, Hardin, Sr., and Messers Vissmann and Mascagni met to discuss the situation. Hardin, Sr. was told that Mr. Vissmann might be refused permission to withdraw from the case at this late date, or that if he were not, a continuance might be required. Hardin, Sr. stated he did not want a continuance.
 
 
 3
 Before trial, the court held an in-camera conference with Hardin, Sr., and attorney Vissmann and Mascagni. Hardin, Sr. agreed that Vissman would serve as his attorney. Mr. Mascagni, although not allowed to sit at counsel's table, would be present in the courtroom to confer with Mr. Vissmann concerning testimony and strategy. These arrangements were carried out at the trial.
 
 
 4
 Brian Dowling was appointed counsel for Hardin, Jr., who did not testify.
 
 
 5
 Appellants were convicted by a jury of the conspiracy charges. Following an unsuccessful appeal, appellants brought motions to vacate their sentences pursuant to 28 U.S.C. Sec. 2255. An evidentiary hearing was held before a magistrate. Hardin, Sr. testified that he agreed in the in-camera conference that Mr. Vissmann would serve as his attorney only on the advice of Mr. Mascagni. Hardin, Jr. testified that he desired to testify at his trial but was forbidden to do so by his attorney. Mr. Dowling testified that he and Hardin, Jr. agreed that Hardin, Jr. would not testify due to the risk that damaging evidence might be forthcoming on cross-examination.
 
 
 6
 The newly discovered evidence produced by appellants was the testimony of Doug Downing that Coy Daniels, a government witness at the trial, had told Downing after the trial that he (Daniels) had lied on the stand. Daniels also testified at the evidentiary hearing and denied having made the post trial statement to Downing.
 
 
 7
 The magistrate found that neither appellant had made a successful claim of ineffective assistance of counsel. He found that both appellants had received a fair trial whose results were reliable, and in accord with Strickland v. Washington, 466 U.S. 668 (1984). The magistrate also found that appellants were not entitled to a new trial under the test established in United States v. Barlow, 693 F.2d 954, 966 (6th Cir.1982), requiring that the new evidence "(1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried." Finally, the magistrate found that Hardin, Sr. was not entitled to counsel of his choice under the circumstances. The district court adopted the magistrate's findings of fact and conclusions of law and denied appellants' motions to vacate sentences.
 
 
 8
 After careful review of the records, briefs, and arguments of the parties, we conclude that the district court properly denied the appellants' motions to vacate their sentences pursuant to 28 U.S.C. Sec. 2255. Neither appellant has shown that his counsel's performance was deficient, thus failing the first prong of the Strickland test. Strickland, 466 U.S. at 687. Further, appellants have failed to demonstrate that the "new evidence," Downing's testimony of Coy's recanting statement, was not merely impeaching, or would likely result in acquittal if the case were retried, in accord with the requirements for retrial based on new evidence. United States v. Barlow, 693 F.2d 954, 966 (6th Cir.1982). Finally, it is well-settled that, an indigent defendant does not have the absolute and unqualified right to the appointment of a particular counsel of his choice. United States v. Brown, 591 F.2d 307 (5th Cir.1979).
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.